```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NORTH DAKOTA
                      SOUTHEASTERN DIVISION
```

```
UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )
                              )      Criminal No. 3:98-cr-34
-vs-                          )
                              )
BRICE EARL CHRISTIANS,        )
                              )
          Defendant.          )
```

## Opinion and Order

**I.   INTRODUCTION**

Before the Court is Defendant Brice Earl Christians' Motion for Writ of Coram Nobis (doc. # 116) and Motion to Disqualify Judge (doc. # 119).  For the reasons discussed below, Christians' motions are **DENIED**.

**II.  BACKGROUND**

In April 1998, the United States of America indicted Christians on four counts, accusing him of possession of firearms and ammunition by a convicted felon, possession of firearms and ammunition by a fugitive from justice, and possession of stolen firearms in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(2), 922(j), 924(a)(2), and unlawfully making a firearm in violation of 26 U.S.C. §§ 5861(f) and 5871 (doc. #1).  The charges followed Christians' escape from a South Dakota prison where he was serving a sentence for felony grand theft.  He was convicted of escape in South Dakota and sentenced to ten years imprisonment after this Court sentenced him.  Christians pled not guilty on

1

all counts in his federal case. Christians' trial was held in June 1998. The jury convicted Christians on all counts (doc. #39). This Court sentenced Christians to 144 months imprisonment followed by three years supervised release (doc. #73).

Christians appealed his conviction to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") (doc. #75). His conviction was affirmed. United States v. Christians, 200 F.3d 1124, 1128 (8th Cir. 1999). In May 2000, Christians moved for relief under 28 U.S.C. § 2255 (doc. #99 and #101). He also moved to recuse the judge in August 2000 (doc. #103). This Court denied his requests in December 2000 (doc. #105). This Court also denied Christians' request for a certificate of appealability (doc. #110). He appealed the denial of a certificate of appealability (doc. #108), and in April 2001, the Eighth Circuit denied Christians' certificate of appealability (doc. #114).

In February 2006, Christians moved for a writ of error coram nobis, arguing several issues related to his conviction and sentence (doc. #116). In September 2006, he moved to disqualify the judge, arguing I had a conflict of interest because I was being asked to review my own decisions (doc. #119). The United States has opposed his motion (doc. 117).

**III. DISCUSSION**

    A.   Motion to Disqualify

Christian argues that I must disqualify myself from considering his motion for writ of coram nobis because the motion calls some of my earlier rulings into question. The accepted practice when a case is challenged on collateral review is to refer the challenge to the judge who originally presided over the case. Rule 4, Rules Governing Section 2255 Cases ("The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged."). The reason for this is obvious: the judge who presided over the case has a working knowledge of the case and is well suited to handle the challenge. The prior rulings of a judge alone are insufficient to require the recusal or disqualification of a judge. In re Larson, 43 F.3d 410, 413 (8th Cir. 1994) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)); see also Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (a judge's rulings in the same or related cases are not a sufficient basis for removal). Christians has merely alleged that I should not decide his current motion because it involves my past rulings. He has presented no evidence that I have any deep-seated antagonism towards him. Therefore, disqualification is not required, and his motion is **DENIED**.

B.   Motion for Writ of Coram Nobis

Christians raises seven different arguments in why his motion for coram nobis should be granted. He first argues that

"the Bureau of Prisons does not understand the sentence imposed." According to Christians, the Bureau of Prisons ("BOP") is not giving him any credit toward his federal sentence while he serves the undischarged portion of his South Dakota sentence for felony grand theft.

Section 5G1.3(a) of the United States Sentencing Guidelines in effect and mandatory at the time Christians was sentenced stated:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S. Sentencing Guidelines Manual § 5G1.3 (1998).  Therefore, the federal sentence imposed in this case must run consecutively to, not concurrently with, Christians' undischarged South Dakota sentence.

According to the Court's information, Christians is not scheduled for release on that sentence until October 26, 2014. Also according to the Court's information, the South Dakota sentence for Christians' escape was for ten years to run concurrently with the 144 month federal sentence.  Therefore, Christians is scheduled to remain in South Dakota custody on the felony grand theft sentence until October 26, 2014.  At that time, according to the information before the Court, Christians will begin serving his 144 month federal sentence and his ten year South Dakota sentence for escape, concurrently.  From what

4

the Court can discern from the record, the BOP has made no mistake and any concerns Christians has with the calculation of his ten year South Dakota sentence should be presented to authorities in South Dakota.  Christians cannot prevail on his first issue.

Issues two through seven can be discussed together.  Section 2255, 18 U.S.C., allows a prisoner to collaterally attack his conviction and sentence.  However, section 2255 provides some limitation on successive motions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The writ of coram nobis is not specifically included in this statute, but the All Writs Act, 28 U.S.C. § 1651, does preserve the writ of coram nobis.  However, the United States Supreme Court has held that the All Writs Act applies only in situations not controlled by a specific statute. Carlisle v. U.S., 517 U.S. 416, 429 (1996) (citing Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)).  "As we noted a few years after enactment of the Federal Rules of Criminal Procedure, 'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'"  Id. (quoting United States v. Smith, 331 U.S.

5

469, 475 n.4 (1947)).  The Eighth Circuit has applied this logic to section 2255 and the writ of coram nobis, holding 28 U.S.C. § 2255 is controlling and the appropriate rule of law to collaterally attack a criminal case.  United States v. Noske, 235 F.3d 405, 405 (8th Cir. 2000).  "'The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255.'"  Id. (quoting United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999)).  Therefore, a writ of coram nobis is subject to the second or successive provision of 28 U.S.C. § 2255, and Christians' motion for a writ of coram nobis must be construed as a second motion under 28 U.S.C. § 2255.

Because this is Christians' second or successive motion under § 2255, a panel of the Eighth Circuit must certify the motion as provided in 28 U.S.C. § 2244.  The defendant has not obtained this authorization from the Circuit. Accordingly, **IT IS ORDERED** that Christians' Motion for Writ of Coram Nobis (doc. #116) is construed as a second or successive motion under 28 U.S.C. § 2255 and is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of October, 2006.

RODNEY S. WEBB  District Judge
United States District Court